IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEONARD LUCKEY,

    Plaintiff,

v.                                                                       CASE NO. 5:14-cv-315-MW-GRJ

OFFICER MAY, et al.,

    Defendants.

_____/

## ORDER AND REPORT & RECOMMENDATION

This matter is before the Court on ECF No. 75, Defendants' Motion to Dismiss and Motion to Accept as Timely Filed. Plaintiff filed a response in opposition and, therefore, the motion is ripe for review. For the reasons explained below, Defendants' motion to accept as timely filed is granted and it is recommended that Defendants' motion to dismiss be denied.

### I. MOTION TO ACCEPT AS TIMELY FILED

Defendants request that the motion to dismiss be deemed timely filed. (ECF No. 75.) Plaintiff filed his second amended complaint on June 19, 2016. (ECF No. 74.) Under Fed. R. Civ. P. 15(a)(3), Defendants' response was due by July 5, 2017.[1] Defendants, however, did not file the

---

[1] *See also* Fed. R. Civ. P. 6(a).

instant motion to dismiss until July 20, 2016. (ECF No. 75.) Undersigned counsel represents that he overlooked the filing of the second amended complaint. As soon as the omission was discovered, however, counsel immediately drafted and filed the instant motion to dismiss. (*Id.*)

Defendants' request for the Court to deem the instant motion timely filed is due to be granted. Although Defendants failed to act within the time provided in Rule 15(a)(3), the Court nonetheless may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Defendants' counsel represents that he overlooked the filing of the second amended complaint and as soon as he realized such, he immediately drafted and filed the instant motion to dismiss. Nothing suggests that the party Defendants had anything to do with the tardiness of the responsive pleading, nor does anything suggest the tardiness was intended to delay the proceedings. Moreover, the length of delay was relatively short in that the motion was only fifteen days tardy.

For these reasons, the Court concludes that Defendants failed to act because of excusable neglect and therefore there is good cause to extend the time. Defendants' motion to accept as timely filed is therefore granted.

## II.  MOTION TO DISMISS

### A.  Introduction

Plaintiff, an inmate currently incarcerated in Charlotte Correctional Institution, initiated this case on November 6, 2014, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants assaulted him around the end of January 2014 at Northwest Florida Reception Center ("NFRC"). (ECF No. 1.) For relief, Plaintiff sought assistance with his criminal case, an injunction against Defendants prohibiting further criminal conduct, and a prison transfer. (*Id.*) Defendant May filed a motion to dismiss, and the only argument raised was that the requested injunctive relief was moot because Plaintiff was no longer housed at NFRC where Defendants currently work. (ECF No. 29.)[2]

Plaintiff then filed a first amended complaint alleging Fourth, Eight, and Fourteenth Amendment violations stemming from assaults in January and February 2014. (ECF No. 44.) As relief, Plaintiff requested compensatory and punitive damages. (*Id.*) Defendants then filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 47.) The Court granted the motion with respect to the January 2014 assault but denied the motion with respect to the February 2014 assault. (ECF Nos.

---

[2] At the time, Defendant Gafford had not yet been served.

*Case No: 5:14-cv-315-MW-GRJ*

57, 60.) Thereafter the Court screened Plaintiff's first amended complaint under 42 U.S.C. § 1915(e) and identified various deficiencies. (ECF No. 63.) The Court provided Plaintiff with an opportunity to file a second amended complaint addressing the deficiencies. (*Id.*)

Plaintiff took advantage of the opportunity and filed a second amended complaint on June 19, 2016. (ECF No. 74.) On July 20, 2016, Defendants filed the instant motion to dismiss arguing that the second amended complaint should be dismissed for abuse of the judicial process due to Plaintiff's failure to disclose prior litigation history. (ECF No. 75.) Defendants argue that Plaintiff failed to disclose a state habeas petition on his second amended complaint, despite the form specifically asking whether Plaintiff initiated other actions (besides those in state or federal court dealing with the same or similar facts/issues involved in this action) in either state or federal court that relate to the fact or manner of Plaintiff's confinement, including habeas corpus petitions.[3] In response to the question, Plaintiff checked "No."  Defendants represent that Plaintiff

---

[3] The court-approved civil rights complaint form to be used by prisoners in actions under § 1983 asked: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (ECF No. 74 at 4) (emphasis in original).

previously filed a state habeas corpus petition in the Seventh Judicial Circuit in and for Volusia County, Florida, Case No. 2012-CA-31064. (ECF No. 75.) The circuit court denied the petition and the Fifth District Court of Appeals affirmed the denial on April 17, 2014, only several months before Plaintiff initiated this action. Plaintiff failed to disclose his state habeas petition on any of the three versions of his complaint in this action. Defendants argue that Plaintiff's failure to disclose the prior litigation constitutes an abuse of the judicial process for which dismissal without prejudice is an appropriate remedy.

## B. Standard of Review

28 U.S.C. § 1915(e)(2) provides in relevant part, "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to

dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A pro se litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by *Iqbal*).

On a motion to dismiss, the Court ordinarily must limit its consideration to the complaint and written instruments attached as exhibits. *See U.S. ex rel. Osheroff v. Humana*, 776 F.3d 805, 811 (11th Cir.

2015). Nonetheless, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the [p]laintiff's claim, and (2) its authenticity is not challenged." *Id.* (noting that the records of plaintiff's underlying Florida Supreme Court case were plainly central to his claims and that plaintiff did not challenge the authenticity of the records). "Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *Id.* n.4.

## C.  Discussion

Generally, a "district court may dismiss the case of a prisoner proceeding *in forma pauperis* at any time if the action is frivolous or malicious." *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010). Whether to dismiss a case based on frivolousness or maliciousness is within the district court's discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002); *Pickett v. Yu*, No. 3:06cv457MCR/MD, 2006 WL 3694645, at *2 (N.D. Fla. Dec. 13, 2006). A district court has "the inherent power to impose sanctions on parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions." *Young v. Sec'y Fla. For the Dep't of Corrections*, 380 F. App'x 939, 940 (11th Cir. 2010) (citing *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006)). The court's ability to dismiss a

case under § 1915(e) includes abuse of the judicial process by failing to disclose prior litigation history. *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (district court was entitled to conclude plaintiff abused the judicial process when he failed to disclose previously filed lawsuits); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (dismissal without prejudice for abuse of the judicial process where plaintiff failed to disclose prior litigation history was not abuse of discretion).

     Considering all relevant factors, although a close call, dismissal is not warranted in this case. Admittedly, Plaintiff failed to disclose his prior state habeas petition on all three versions of his complaint. While generally the Court would dismiss the case without prejudice where a prisoner fails to disclose prior litigation, this case has been pending since November 2014 and already has proceeded through two rounds at the motion to dismiss stage. Notably, Defendant never raised this argument in either its first or second motion to dismiss. The failure to do so either is a waiver of the argument, or if not, is not sufficient to warrant dismissal because there is no evidence that Plaintiff acted in bad faith in failing to disclose the prior state habeas petition. Neither the Court on its own initiative nor Defendants raised this argument as a deficiency with respect to Plaintiff's original or first amended complaint. It is more than understandable that Plaintiff would

assume there was no deficiency with regard to the disclosure simply include in the second amended complaint exactly what he included on the prior versions of his complaint in response to the questions about prior litigation. *See Manfred v. Gilliam*, No. 5:16-cv-00092, 2016 WL 4257158, at *2 (M.D. Ga. July 15, 2016) (dismissal not warranted because there was no evidence of malicious intent on the part of plaintiff in not revealing his pervious lawsuits where plaintiff did not sign complaint under penalty of perjury, was proceeding *pro se*, and had little access to resources to ascertain prior cases).

In addition, this case concerns conditions of confinement, not habeas issues. *See Brown v. McLaughlin*, No. 5:13-CV-307(HL), 2014 WL 1908829, at *4 (M.D. Ga. May 13, 2014 (record did not support a finding of bad faith where plaintiff failed to disclose prior cases because plaintiff claimed he misinterpreted the complaint form and believed he was not required to disclose the case because it did not deal with the same facts). A review of PACER reveals that Plaintiff has not filed any prior conditions of confinement cases. Furthermore, Plaintiff's collateral challenge in state court did not ripen into a federal habeas petition prior to the initiation of this case or even prior to the filing of the second amended complaint. *See Luckey v. Sec'y, Dep't of Corrections*, No. 6:16-cv-01229-GKS-TBS, ECF

No. 1 (M.D. Fla. July 7, 2016).

Had this deficiency been raised with respect to either of the first two versions of the complaint the Court likely would have concluded that dismissal was warranted. But under the circumstances— where the case had been pending for more than two years, this deficiency was never raised, and there is no evidence that Plaintiff intended to mislead the Court— dismissal is too harsh of a sanction.

### III.  CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

> Defendant's motion to accept as timely filed, ECF No. 75 is **GRANTED**; and

In light of the foregoing, it is respectfully **RECOMMENDED** that:

> Defendants' motion to dismiss, ECF No. 75, should be **DENIED.**

**IN CHAMBERS** this 4th day of January, 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any**

**different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.